# NO. 12-10-00222-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SA'CAJAN JAMAY DARDEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

Sa'Cajan Jamay Darden appeals his conviction for aggravated assault of a public servant. In his sole issue, he argues that the trial court's judgment identifies the wrong person as his trial counsel. We modify the judgment of the trial court, and as modified, affirm.

### BACKGROUND

In November 2009, Appellant became involved in a disturbance during which he pointed a firearm at an officer with the Cherokee County Constable's Office. As a result, Appellant was indicted for aggravated assault with a deadly weapon committed against a public servant, as well as engaging in organized criminal activity. Following an open plea of guilty and sentencing, Appellant was convicted of aggravated assault of a public servant. Appellant was sentenced to fifty years of imprisonment.

### JUDGMENT

In his sole issue, Appellant argues that the judgment lists the wrong person as his trial counsel. The judgment in a criminal case must list the name of the defendant's counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (Vernon Supp. 2010). The statute does not

specifically state whether trial counsel or appellate counsel, when they are different, should be listed. In context, however, it appears that it is trial counsel who should be listed because the other required entries relate to the trial or the final hearing in the case. *Id.*

Appellant's sentence was pronounced on July 7, 2010, and appellate counsel was appointed on the same day. The trial court signed its judgment on July 12, 2010. Appellant filed his notice of appeal on July 13, 2010. The judgment lists his appellate counsel as the "Attorney for Defendant" and does not list the attorney who represented him at trial.

Appellant requests that we amend the judgment to delete the name of his appellate counsel and replace it with the name of his trial counsel, John Jarvis. The State joins Appellant's request. Moreover, the caselaw supports Appellant's request. *See Blanton v. State*, No. 12-09-00448-CR, 2010 WL 4274774, at *2 (Tex. App.—Tyler Oct. 29, 2010, no pet.) (mem. op., not designated for publication). As we stated in *Blanton*, we have the authority to modify or reform an incorrect judgment when, as here, we have the necessary information before us to do so. *See id.*; *see also* TEX. R. APP. P. 43.2(b).

The State agrees that John Jarvis represented Appellant prior to his conviction. On July 7, 2010, Jarvis filed a motion to withdraw as counsel following the final hearing in this case, and the motion was granted that same day. According to the reporter's record, Jarvis represented Appellant through his sentencing, which preceded the entry of the signed judgment. Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We *modify* the judgment to reflect that Appellant was represented by John Jarvis. As modified, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)